EBENEZER R. HOLMES *vs.* JOHN. S. FRENCH.

Oxford. Opinion November 7, 1879.

*Mortgage. Conditional judgment. Costs.*

The purchaser and owner of a mortgage debt is the equitable owner and assignee of the mortgage. He has the right to use the name of the mortgagee in a suit to enforce the mortgage and is not required to resort to the court in equity for that purpose, unless the mortgagee refuses to permit his name to be used.

In such suit the same rules of law are applicable to the assessment of the amount of the conditional judgment that would be applicable if the debt and mortgage were owned by the mortgagee.

It is now the settled law of this state, that in assessing the amount due on the mortgage, the costs in a judgment to enforce payment of the mortgage debt are to be included, as well as the costs in the action on the mortgage.

ON EXCEPTIONS.

WRIT OF ENTRY, brought on a mortgage made by John S. French, to the plaintiff, Ebenezer R. Holmes, dated May 13, 1857.

At the December term of the court, 1878, the plaintiff moved to have the amount of conditional judgment assessed by the court, and as evidence of the amount due, offered a copy of a judgment, obtained in the superior court of Cumberland county, at the November term, 1878, in a suit upon the said mortgage note wherein George F. Holmes was plaintiff, and the said John S. French was defendant, for $1,258.21 debt, and $114.44 costs of suit.

*George F. Holmes,* for the plaintiff, testified that the note secured by the mortgage, which is the foundation of the suit in this case, was purchased by him from the nominal plaintiff in this case, prior to the bringing of either of the suits upon the note or the mortgage. "At the time of the purchase, I was at his house in Oxford—the papers were delivered to me, but no assignment of the mortgage was made, because there was no justice of the peace, who could be had to take the acknowledgment. A suit was then brought in Oxford county upon the mortgage, another suit was brought in my own name, in Cumberland county in the superior court upon the note.

The only reason that the mortgage was not assigned, was the one already given. It was deemed advisable to bring a suit upon the mortgage, before there was a convenient opportunity to have an assignment, and indeed before I saw the original mortgage again. I not only bought the note and mortgage, but paid for them.

According to my best recollection I bought the note in June or July—probably in July—of the same year in which the suit was brought in August. The suit on the mortgage was brought first.

I owned the note, when the suit was brought on the mortgage. It had been indorsed and delivered."

No other testimony, or evidence was put into the case. The defendant claimed, that if anything was due, on the mortgage debt—that at any rate, the conditional judgment in this action should not include the costs of suit, in the action brought by George F. Holmes, against him in the superior court aforesaid, whereupon the court made the following finding and order:

"I find upon the testimony that this suit is brought and prosecuted, for George F. Holmes, the purchaser and owner of the note and mortgage—and that he has recovered judgment as appears by the copy of the judgment at the superior court in his favor, against the mortgagor, and that the conditional judgment in the case should be rendered, for the amount of the judgment in the superior court, including costs, as well as debt."

To which ruling of the presiding judge the defendant alleged exceptions.

*A. A. Strout & G. F. Holmes*, for the plaintiff.

*J. J. Perry*, for the defendant, contended that the judgment recovered by G. F. Holmes in the superior court at Portland should not be included in the conditional judgment in this case.

I. There is no legal assignment of the mortgage, here in suit, to G. F. Holmes; must be by deed and not by parole. *Vose* v. *Handy*, 2 Maine, 322. *Prescott* v. *Ellingwood*, 23 Maine, 345. *Smith* v. *Kelley*, 27 Maine, 237. *Dwinel* v. *Perley*, 32 Maine, 197. *Stanley* v. *Kempton*, 59 Maine, 472. *Warden* v. *Adams*, 15 Mass., 233. *Crane* v. *March*, 4 Pick. 131. *Young* v. *Miller*, 6 Gray, 156. *Adams* v. *Parker*, 12 id. 53.

II. The mortgagee, in an action for possession, must "declare on his own seizin," and the "conditional judgment" is for the sum due the mortgagee—not what may be due a third party. R. S., c. 90, §§ 7, 8.

III. This plaintiff had sold the mortgage note, and received pay for it, before he commenced this suit. He has no interest or property in it. *Vose* v. *Handy, supra*

IV. If the plaintiff had a right to file the judgment obtained by

G. F. Holmes in the superior court, as evidence of the amount due on the mortgage, it did not authorize the presiding judge to admit it as such without proof that said judgment was still due and unsatisfied.

V. The plaintiff being the owner of the mortgage, and G. F. Holmes the owner of the note, or the judgment rendered thereon personally for him in another court, in another county, and it not appearing in this case that the plaintiff had proved any indebtedness subsisting under the mortgage to himself, judgment should have been rendered for defendant. R. S., c. 90, § 9.

Counsel cited, in support of objections to the amount of conditional judgment as awarded. *Johnson* v. *Candage*, 31 Maine, 28. *Moore* v. *Ware*, 38 Maine, 496. *Parsons* v. *Wells*, 17 Mass. 425. *Crane* v. *March*, 4 Pick. 131. R. S., c. 77, § 5 ; Stats. 1841, c. 125, § 9; 1857, c. 90, § 8.

VI. Does it comport with right, and is it law that a father holding a mortgage to secure a dozen notes can sell to each of his twelve sons one of the notes, who can bring in each of their names a suit on the note they hold, get twelve bills of costs, and then in the name of the father sue the mortgage and cover the same in the conditional judgment ?

LIBBEY, J. This is a writ of entry on a mortgage. A motion was made by the plaintiff for the conditional judgment as of mortgage, and it was ordered. On a hearing for the assessment of the amount due on the mortgage the presiding judge ruled as follows :

"I find upon the testimony that this suit is brought and prosecuted for George F. Holmes, the purchaser and owner of the note and mortgage ; and that he has recovered judgment as appears by the copy of the judgment, at the superior court, in his favor, against the mortgagor, and that the conditional judgment in the case should be rendered for the amount of the judgment in the superior court, including costs as well as debt." To this ruling exception was taken by the defendant.

We think the ruling correct. The purchaser and owner of the mortgage debt is the equitable owner and assignee of the mortgage. The mortgage is incident and collateral to the debt secured by it, and an assignment of the debt carries with it, in equity, the

mortgage. This rule is too well settled to require the citation of authorities in its support.

When the mortgage is not legally assigned with the debt, the assignee of the debt has a right to use the name of the mortgagee in a suit to enforce the mortgage ; and he is no t required to resort to the court in equity for that purpose unless the mortgagee refuses to permit his name to be used.

In such suit the same rules of law are applicable to the assessment of the amount of the conditional judgment that would be applicable if the debt and mortgage were owned by the mortgagee.

It is now the settled law of this state, that, in assessing the amount due on the mortgage as the amount of the conditional judgment, the costs in a suit to enforce payment of the mortgage debt are to be included, as well as the costs in the action on the mortgage. *Hurd* v. *Coleman,* 42 Maine, 182. *Rawson* v. *Hall,* 56 Maine, 142. A refusal by the mortgagor to pay the debt secured by the mortgage, gives the mortgagee the right to maintain an action to enforce it. The costs of the suit become an incident to the debt, and, when judgment is rendered, inseparable from it. To redeem, the mortgagor must pay, or tender the amount of the mortgage debt. After judgment in the action to enforce payment of the debt, to pay or satisfy the debt the cost must be paid. A tender of the amount of the debt without costs would not be a good tender.

It is urged on the part of the defendant that this rule works a great hardship upon the mortgagor. The answer is that it is the legal result of his refusal to pay as he agreed. He has the power of preventing the hardship by paying his debt, without putting the mortgagee to his action to enforce it.

*Exceptions overruled.*

APPLETON, C. J., WALTON, PETERS and SYMONDS, JJ., concurred. VIRGIN, J., did not concur.